PER CURIAM.
The appellant, Earl U. Holloman, appeals from a judgment of conviction and sentence for the crime of aggravated assault.
The case was heard by the circuit judge without a jury and he found the appellant guilty of aggravated assault for the shooting of one John Seals.
Appellant had a history of arrests, convictions, and incarcerations in various states. The crime for which he was convicted was committed January 7, 1966. A suggestion of insanity was filed, and after a series of examinations he was committed to the Florida State Hospital as incompetent. After several months at the Florida hospital, he was returned to Pinellas County to stand trial as a competent person.
The appellant cites the two following points on appeal:
SHOULD THE TRIAL COURT HAVE CONSIDERED THE REPORT OF THE FLORIDA STATE HOSPITAL AT CHATTAHOOCHEE, EITHER AS A PART OF DEFENDANT’S CASE IN CHIEF, OR, ALTERNATIVELY, CONSIDERED SUCH LETTER EITHER IN ITS ENTIRETY OR FROM THE STANDPOINT OF DIAGNOSIS ONLY, AS REBUTTAL TESTIMONY.
DID THE APPELLANT SUSTAIN HIS BURDEN OF PROOF UNDER *619 THE PLEA OF INSANITY BY RAISING A REASONABLE DOUBT AS TO KNOWING THE DIFFERENCE BETWEEN RIGHT AND WRONG AT THE TIME THE CRIME WAS COMMITTED.
The appellant, at the trial, attempted to use a letter from the Florida State Hospital which was signed by I. Hanenson, M. D., an attending psychiatrist, and by S. E. Ponsdomenech, M. D., Staff Psychiatrist. The State objected to the introduction of this letter. The circuit judge sustained the objection. This letter was written to the Honorable Joseph P. McNulty, Judge of Circuit Court in and for Pinellas County. We do not think the trial judge committed error in refusing to permit the introduction of the letter in question.
The letter in question was, in effect, a statement from these two doctors that the defendant would be able to assist his counsel in his defense should it become necessary. It was not a part of the official records and reports on appellant from the Florida State Hospital. Apparently, the letter was introduced for the purpose of using it as a finding of two other alienists who were not called as witnesses to testify in the case. It is clear that the State would not have had the opportunity to cross-examine these two doctors who wrote this letter. The record at page 153 shows that the court denied the proffer and that the attorney for the defendant stated, “All right, sir. Now, with the Court’s permission, I will probably re-raise this question if it becomes material at a later point.” We do not see that this question was ever raised again.
As to the second question which relates to the plea of insanity, defendant introduced the testimony of two doctors and the State used another doctor in rebuttal.
We have read the testimony adduced at this trial, consisting of some 125 pages, and we conclude that it was a question for the trial court to determine. We cannot say from the testimony of this record that he committed error in holding that the defendant was sane at the time that the crime was committed.
Affirmed.
LILES, C. J., and ALLEN and HOB-SON, JJ., concur.